UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANN SMITH, | ) | 3:23-CV-1475 (SVN) |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RUSSELL LIBRARY, | ) | |
|     *Defendant*. | ) | May 23, 2024 |

## ORDER GRANTING MOTION TO DISMISS

Sarala V. Nagala, United States District Judge.

Plaintiff Ann Smith, a former employee of Defendant Russell Library, criticized the Library's director and administration at a budget meeting of the City of Middletown Common Council in April of 2022. She claims that, following her comments, she suffered retaliation, and her work environment became so hostile that she opted to resign. She now brings a two-count complaint against Defendant, alleging retaliation for exercise of her right to free speech and seeking a declaratory judgment that her speech was protected under the First Amendment.

Defendant has moved to dismiss, arguing that Plaintiff has not sufficiently alleged that she spoke on a matter of public concern and that, in any event, the events occurring after her comments do not rise to the level of an adverse action. Defendant also contends that the Court should not exercise jurisdiction over Plaintiff's request for a declaratory judgment, as it believes she simply raced to the courthouse to receive a determination that she would not be liable for defamation based on her comments.

For the reasons described below, the Court agrees with Defendant that Plaintiff has not stated a retaliation claim and dismisses Plaintiff's complaint, but will provide Plaintiff with leave to amend.

I.      FACTUAL BACKGROUND

The following facts are taken from Plaintiff's amended complaint and assumed to be true for purposes of this ruling. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1]

Plaintiff was employed by Defendant, a nonprofit public library, in an unspecified capacity for more than twenty years. Am. Compl., ECF No. 19, ¶ 1. On April 19, 2022, Plaintiff spoke during the public comment period of the budget meeting of the City of Middletown Common Council. *Id.* ¶ 2. The entirety of Plaintiff's allegations as to the substance of her comments at the meeting is as follows: "Ms. Smith engaged in constitutionally protected Free Speech when she spoke during the public comment period of the budget meeting of the City of Middletown Common Council, criticizing the library director and administration for what Ms. Smith considered skewed budget priorities, including administrative salary increases." *Id.*

Following her public comments, Plaintiff received a letter from an attorney for Defendant, demanding "a retraction of the maliciously false and defamatory statements [Plaintiff] made, adopted, and re-published about the Library, its Administration, and its Director" at the budget meeting. *Id.* ¶ 3. The letter accused Plaintiff of re-publishing statements made by Plaintiff's former co-worker, Gail Thompson-Allen, at the meeting. *Id.* ¶ 4. It further stated that Plaintiff's conduct violated Connecticut law prohibiting defamation and exposed her to personal liability for damages. *Id.* ¶ 5. Separately, Defendant's attorney also traded letters with counsel for Ms. Thompson-Allen, expressing that Defendant would neither apologize to Ms. Thompson-Allen nor commit to not filing suit against her. *Id.* ¶¶ 8–13.

---

[1] Plaintiff's original complaint had alleged claims for constructive discharge and prior restraint in addition to claims for retaliation and declaratory judgment. ECF No. 2. Defendant moved to dismiss that complaint. ECF No. 16. In response to the motion to dismiss, Plaintiff filed an amended complaint, which dropped the constructive discharge and prior restraint claims. *See* ECF No. 19. Defendant opted to apply its motion to dismiss to the retaliation and declaratory judgment counts of the amended complaint. *See* ECF Nos. 21, 23.

When Plaintiff learned of Defendant's counsel's letters to Ms. Thompson-Allen, she became "fearful of reprisal against her." *Id.* ¶ 14. According to Plaintiff, that reprisal materialized in several ways. Plaintiff was "informed she had 'tarnished the reputation of the entire City of Middletown' because of a complaint by a patron over a parking issue." *Id.* ¶ 16. Further, she was "marginalized" and "given demeaning tasks such as counting napkins," after being told there was no other work for which she was qualified; was told by the library director that she was subject to termination for speaking in a disrespectful tone to her supervisor; was admonished never to cry in her office; was the subject of conversations and emails between staff and administrators accusing her of lying about the administration; and was told that her future requests for time off would be denied because she had allegedly made prior requests without appropriate notice. *Id.* ¶¶ 17–21. All the while, Plaintiff was fearful that she would be sued for defamation. *Id.* ¶ 23.

On September 2, 2023, Plaintiff gave Defendant notice that she would be resigning in two weeks "due to the hostile environment that had begun after her comments at the budget meeting." *Id.* ¶ 24. She separated from Defendant effective September 15, 2023. *Id.*

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a case or cause of action for failure to state a claim upon which relief can be granted. When determining whether a complaint states a cognizable claim, highly detailed allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility standard is not a "probability requirement," but

3

imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.* In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citation omitted).

The Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008), and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. DISCUSSION

The Court concludes that Plaintiff has not stated a plausible claim for retaliation, as she has not plausibly alleged that her speech was protected. Because the Court finds that Plaintiff has not adequately alleged her speech was protected, the declaratory judgment claim must also fail, as presently alleged.

#### A. Count One: Retaliation

The First Amendment provides: "Congress shall make no law . . . abridging the freedom of speech." U.S. Const., amend. I. The First Amendment "protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Weintraub v. Bd. of Educ. of City School Dist. of City of N.Y.*, 593 F.3d 196, 200 (2d Cir. 2010) (quoting *Garcetti*

*v. Ceballos*, 547 U.S. 410, 417 (2006)).  A public employee must, however, "accept certain limitations" on her freedom of speech because it "can 'contravene governmental policies or impair the proper performance of governmental functions.'"  *Weintraub*, 593 F.3d at 201 (quoting *Garcetti*, 547 U.S. at 418–19).  As such, a public employee alleging that she has suffered an adverse employment action as retaliation for exercising her First Amendment rights must allege that:  (1) the speech was protected; (2) she suffered an adverse employment action; and (3) the speech was at least a substantial or motivating factor in the adverse employment action.  *See Zelnik v. Fashion Institute of Tech.*, 464 F.3d 217, 225 (2d Cir. 2006) (citing *Morrison v. Johnson*, 429 F.3d 48, 51 (2d Cir. 2005) (*per curiam*)).  In assessing the first element of whether the speech was protected, a court must consider "two separate subquestions:  (1) whether the employee spoke as a citizen rather than solely as an employee, and (2) whether [s]he spoke on a matter of public concern."  *Shara v. Maine-Endwell Cent. Sch. Dist.*, 46 F.4th 77, 82–83 (2d Cir. 2022) (internal quotation marks and citation omitted).

Here, Defendant does not challenge that Plaintiff was speaking at the budget meeting in her capacity as a private citizen, so the Court focuses on whether she spoke on a matter of public concern.  Whether "an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record."  *Connick v. Myers*, 461 U.S. 138, 147–48 (1983); *see also Shara*, 46 F.4th at 84 (noting that, in addition to content, form, and context, courts may consider the "speaker's motive," and the "forum and manner in which an employee makes a statement," though all factors are "nondispositive").  Speech relating to "any matter of political, social, or other concern to the community" is of public concern.  *Connick*, 461 U.S. at 146.  On the other hand, if the speech is focused "on matters personal to the employee, it cannot be classified as being on a matter of public concern and the

government, acting as an employer, 'has greater latitude to discipline' the employee." *Johnson v. Ganim*, 342 F.3d 105, 112 (2d Cir. 2003) (quoting *Connick*, 461 U.S. at 146).

The Court concludes that Plaintiff's amended complaint fails to plausibly allege she engaged in protected speech. She has not provided sufficient information from which the Court could reasonably infer that her comments at the budget meeting were made as a citizen speaking on a matter of public concern, rather than as an employee speaking on a matter of personal interest. Here, the sum total of Plaintiff's allegations of her comments at the budget meeting is that she "criticiz[ed] the library director and administration for what [she] considered skewed budget priorities, including administrative salary increases." Am. Compl. ¶ 2. Plaintiff fails to include any of her actual statements, or any content from which the Court could plausibly infer that this alleged criticism was motivated by Plaintiff's concern for the town budget or the community at large, as opposed to a personal gripe that her employer was spending more money on administrative salaries than, for example, other expenditures more beneficial to Plaintiff as a library employee. *See Sousa v. Roque*, 578 F.3d 164, 174 (2d Cir. 2009) ("An employee who complains solely about his own dissatisfaction with the conditions of his own employment is speaking 'upon matters only of personal interest'") (quoting *Connick*, 461 U.S. at 147). Although the context of the speech—the public comment portion of a city budget meeting—suggests it could be protected by the First Amendment, *see Shara*, 46 F.4th at 84–85, the forum alone is insufficient for the Court to infer that Plaintiff's actual speech touched on a matter of public concern, without further detail. There is simply not "sufficient factual matter" in Plaintiff's scant and conclusory allegation about her comments from which the Court could reasonably infer that she was speaking

on a matter of public concern.[2] *See Iqbal*, 556 U.S. at 678; *see also Paterno v. City of New York*, No. 17 CIV. 8278 (LGS), 2018 WL 3632526, at *7 (S.D.N.Y. July 31, 2018), *aff'd*, 781 F. App'x 15 (2d Cir. 2019) ("[I]n order to state a plausible retaliation claim, a complaint must identify the content of the speech that is protected so that it is possible to engage in the required 'fact-intensive' inquiry [of resolving whether speech is on a matter of public concern].").

Defendant has also argued that Plaintiff fails to allege she suffered from an adverse employment action. Curiously, Plaintiff has not addressed this element of a retaliation claim in her opposition brief. *See* ECF No. 29. While Plaintiff's failure to respond to this argument would ordinarily be deemed a concession of the issue, *see Curry Management Corp. v. JPMorgan Chase Bank, N.A.*, 643 F. Supp. 3d 421, 426 (S.D.N.Y. 2022), the Court need not reach the question of whether Plaintiff has adequately alleged an adverse employment action because Plaintiff's failure to sufficiently plead that she engaged in protected speech is fatal to her retaliation claim, as currently framed.

B. Count Two:  Declaratory Judgment

In Count Two of her amended complaint, Plaintiff seeks a declaratory judgment that her speech was protected under the First Amendment. For the same reasons that the Court has dismissed her retaliation claim—namely, that she has not plausibly alleged she engaged in speech on a matter of public concern—it also dismisses her claim for a declaratory judgment. As Plaintiff has not plausibly pleaded a claim for a declaratory judgment, the Court does not reach the question

---

[2] The Court reaches this conclusion based on the allegations contained only within the four corners of Plaintiff's amended complaint. Plaintiff spills much ink contesting whether the Court should consider an exhibit attached to Defendant's motion to dismiss. *See* ECF No. 29 at 4–7, 10–12. The Court has not considered that exhibit, as the amended complaint fails to allege she engaged in protected speech on its face. The Court also notes that, while Defendant's motion to dismiss has been pending, Plaintiff moved for a speedy hearing of her declaratory judgment claim under Federal Rule of Civil Procedure 57. *See* ECF No. 33. Plaintiff attached to that motion a copy of the remarks she allegedly delivered at the budget meeting. *See* ECF No. 33-1. As the remarks were not included in the amended complaint, but were only belatedly included in Plaintiff's motion for a speedy hearing, the Court has not considered them for purposes of deciding Defendant's motion to dismiss.

of whether Plaintiff has properly sought a declaratory judgment on the question of whether she engaged in protected speech.

## IV.     CONCLUSION

For the reasons described in this order, Plaintiff's amended complaint is dismissed. The Court will provide Plaintiff leave to amend to remedy the deficiencies identified in this order. Any second amended complaint must be filed by **June 13, 2024.** Because Plaintiff's amended complaint is dismissed, her motion for a speedy hearing on her declaratory judgment claim, ECF No. 33, is denied as moot.

**SO ORDERED** at Hartford, Connecticut, this 23rd day of May, 2024.

 /s/ Sarala V. Nagala
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE